FILED
JUN - 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JURY ACTION

**Marie H. Perry**
**311 Ellsworth Place**
**Oxon Hill, MD 20745**
**(301) 839-1907**

Case: 1:07-cv-01010
Assigned To : Lamberth, Royce C.
Assign. Date : 6/5/2007
Description: Employ. Discrim.

**V.** **C**

**Secretary Alphonso R. Jackson,**
**Holly Salamido, Nancy Christopher, Sinthea Kelly, Zakiyyah Day, Lewis Anderson, Patricia Baker, George Weidenfeller, and Keith Gottified**
**U.S. Department of Housing and Urban Development**
**451 7th Street, SW**
**Washington, DC 20410**

## COMPLAINT

I, Marie H. Perry, an African-American female am hereby filing this Formal Civil Complaint based on race discrimination, equal pay, and illegal personnel practices by the Office of General Counsel and Human Resources during my desk audit process.

On July 25, 2005, I requested a desk audit by memorandum to my supervisor, Ms. Holly Salamido (a white female) with a copy forwarded to Human Resources. Although I was a GS-11, FOIA Specialist, I believed that I was performing the work at the GS-12 level and should have been classified at the GS-12 level by accretion of duty. My supervisor disagreed; therefore, I decided to have my desk audited.

Ms. Marlene Thrash, the classifier, conducted an audit of my desk on August 12, 2005. On August 19, 2005, the supervisory audit with my supervisor, Ms. Holly Salamido, was done before my desk was audited and after my desk was audited to discuss the information that was provided by me to the classifier. On September 19, 2005 after the desk audit, supervisory audit and interview the classifier completed her analysis of all information provided. I received an e-mail from the classifier to pick-up my copy of the desk audit results. By memorandum dated September 14, 2005, the results of the desk audit stated that my position met the criteria for the GS-12 grade-level based on the information provided by both my supervisor and myself. It also stated that the position description would have to be rewritten to reflect the higher graded work I was performing.

Also in the September 14, 2005, decision I was informed that since there were other employees at the same grade and series within my office, in order to possibly be promoted the job would have to be competitively merit staffed giving the other GS-11 FOIA Specialists an opportunity to apply. First, there was no vacancy to merit staff and this procedure was never used before with other employees in the office. I also thought it would be a misuse as a means of promoting employees instead of filling a vacancy.

Finally, I am stating that I was discriminated against by the agency through my supervisor, Ms. Holly Salamido and Human Resources, Ms. Zayyikah Day. My complaint **is not about a promotion** but because management failed **to follow the proper procedures /process for a desk audit and because I was treated differently**

**from my co-worker who was promoted without having her desk audit or a job vacancy announced. I believe I was discriminated against when:**

1. In June 1999, management promoted my co-worker, Ms. Joan Campion (a white-female) while she was out on sick leave based on accretion of duties.

   (a) without having her desk audited;

   (b) without having to apply for a job that was merit staffed, and

   (c) without ever performing the duties of the job at the higher grade level

2. Ms. Campion only returned to full-time status on September 2004. As of this date, Ms. Campion is still not a consistent full-time employee.

3. I was discriminated against when I was informed by management even though I was performing at the higher-grade level that the job would have to be merit staffed so other employees could apply.

4. I was discriminated against when management withdrew the initial desk audit decision stating that the classifier failed to go back to my supervisor. This was not true; Ms. Salamido stated she failed to review all of the materials.

5. I was discriminated against when Human Resources allowed Ms. Salamido to rewrite another position description to justify her "so called" additional information and her statement as to why my desk should not be classified at the higher graded level.

6. I was discriminated against when management allowed my supervisor to rewrite another position description to justify her "so called" additional information and to deny me the desk audit results provided by the classifier.

7. I was discriminated against when I found out from Human Resources that the position description that was used by the classifier and the position description that was given to me by my supervisor and the Administrative Officer, Ms. Sinthea Kelly is the same position description of record that I am assigned to as of this date.

8. I was discriminated against when a personnel procedure that has always been followed and had never been changed (maybe undated) was not followed in my case. The procedures was changed to discriminate against me.

9. I was discriminated against when I was not allowed **due process** to rebut the "so called" additional information (new unclassified PD, newly generated memoranda, etc.) my supervisor Ms. Holly Salamido and OGC Administrative Officer Ms. Sinthea Kelly provided to Human Resources. Instead, Human Resources failed to follow proper procedures and accepted the "so called additional information" from my supervisor and Ms. Kelly, and **arbitrarily changed their original desk audit decision.**

10. I was discriminated against when management promoted my co-worker Ms. Campion and failed to follow any process (desk audit, merit staffing) and lied about Ms. Campion being promoted based on accretion of duty when all the time she was out on sick leave. There was no way she was performing at her GS –11 grade level and definitely not at the higher GS- 12 level when she was out on sick leave. WHAT PROCESS WAS USED?

11. I was discriminated when my supervisor wrote a new position description that had not been classified, never given to the employees nor was it the position description used by the classifier to audit my desk.

12. Finally, I was discriminated against because management failed to follow proper procedures in conducting a desk audit, not allowing me due process or the same due process that was given to my supervisor to change a classifier's decision and nor was I treated in the same manner as my co-work, Ms. Campion.

This was an illegal and discriminatory personnel practice used to discriminate against me **MANAGEMENT FAILED TO FOLLOW THE POLICIES/PROCEDURES FOR MY DESK TO BE AUDITED. MANAGEMENT ALLOWED MY SUPERVISOR TO REWRITE MY POSITION DESCRIPTION, THEN USED IT FOR HER JUSTIFICATION TO DISPUTE THE CLASSIFIER FINDINGS. The Position Description was not the Position Description that was used by the Classifier to audit my desk, it was not the Position Description that I asked for from my supervisor and it was not the Position Description that was provided by the Administrative Officer. This was blatant discrimination WHEN MANAGEMENT FAILED TO FOLLOW POLICIES AND PROCEDURES AND ALLOW ME DUE PROCESS!!**

In addition, the complaint Marie H. Perry (African-American female) is hereby filing a Formal Civil Complaint based on race, sex and reprisal by my supervisor Holly Salamido in the Office of General Counsel for her Performance Appraisal rating dated February 1, 2004 ending January 5, 2005 process. The complaint is also including her Performance Appraisal for the rating period of 2005-2006 for the same reasons.

Ms. Holly Salamido, (a white female attorney and ex-union representative) became my supervisor in August 2004. I was given my progress review on December 14, 2004 from Ms. Salamido. It was during the progress review that Ms. Salamido rated my performance down. This rating was nothing but an act of discrimination against me because my supervisor failed to allow me due process. She discriminated against me because:

1. Ms. Salamido gave me my progress review December 14, 2004 and the rating cycle ended January 31, 2005.

2. She discriminated against me because by giving me the progess review in December, it did not allow me the appropriate time to improve my performance.

3. Ms. Salamido became my supervisor in August, and the performance evaluation should have been given in June no later than July 2004. Once again, management failed to follow the process and in turned failed to allow me due process.

4. I was discriminated against when management/supervisor Ms. Salamido failed to include Ms. Terry Roman's input that supervised me for 3

months and Mr. Richard Washington, III, who supervised me for 4 months. Therefore I was not given credit for 7months of work. I was only given credit for only the four months that Ms. Holly was my supervisor. This was blatantly discrimination, a violation of my rights, failure to allow me due process and in retaliation for participating in a protected activity when I filed an EEO complaint against Ms. Salamido.

5. I was discriminated against when Ms. Salamido became my supervisor and lowered my rating and I had received OUTSTANDING for 11 years and for 7 years in the same office (OGC) and performing the same work as a FOIA Specialist.

6. I was discriminated against when I FIRST decided to file a grievance and met at the Step II level with the deciding official Camille Acevedo (white female attorney). On November 14, 2005, upon receiving Ms. Acevedo decision I learned on January 18, 2006 while preparing to move my grievance at the Step III level, that Ms. Acevedo had been given a position description for me by Ms. Salamido. This POSITION DESCRIPTION was not the POSITION

DESCRIPTION OF RECORD and to add insult to injury I WAS NEVER GIVEN A POSITION DESCRIPTION AND TO DATE I HAVE NOT BEEN GIVEN A POSITION DESCRIPTION. ALL I HAVE EVER BEEN GIVEN WERE CRITICAL ELEMENTS. It was then I withdrew my grievance and filed a EEO discrimination complaint.

7. I was discriminated against when I had been given the SAME CRITICAL ELEMENTS AS THE GS-12 employees and have been performing under those same elements for 7 years.

8. I was discriminated against when OGC management allowed my supervisor Ms. Salamido to rate me the same way the following year (2005-2006) with the POSITION DESCRIPTION AND THE SAME CRITICAL ELEMENTS AS THE GS-12.

My rights were violated and I was not allowed due process and I was and have been treated differently.

Finally, the complaint Marie Perry, African-American female, is hereby filing a Formal Civil Complaint against the Office of General Counsel regarding training. This

has been a continued pattern to discriminate against me based on race, sex and disparity treatment. Every time I request training, am either turned down or not answered at all. However, the final straw was the Blacks In Government (B.I.G) Training Conference.

1. OGC discriminated against me by not allowing me appropriate training which does not allow my training needs to be met. *Which in turn hinder my work developmental growth.*
2. OGC discriminated against me by not allowing me to put the training form 182 in without first getting approval from my supervisor Ms. Holly Salamido.
3. OGC discriminated against me when management failed to find out why I was not getting the same training opportunity as my counterparts (attorneys').
4. I was discriminated against when management/supervisor Ms. Salamido failed/delayed her response back to me concerning the B.I.G Training conference back in January 2006.
5. I was discriminated against when management (OGC) decided to play with words and not allow me to attend training as they do my counter parts (attorneys').
6. OGC discriminated against me every year when I have to plead and beg for them to allow me to go to B.I.G Training Conference. But yet my counterparts (attorneys') get to go

to the Bar Association training conference every year without question.

7. I was discriminated against when management (OGC) decided to develop procedure/process guideline for submitting for training. Which does not allow me due process.

My rights were violated and I was not allowed due process and I was and have been treated differently

The relief I am seeking are as follows:

**Desk Audit relief**:

1. The initial results of the desk audit are reinstated and honored.
2. Those managers involved be reprimanded for their actions, which include Holly Salamido, Sinthea Kelly and Zakiyyah Day.
3. Promotion to the GS-301-12 with applicable within grade step.
4. All backpay and interest accrued from the year June 1999 to Present.
5. A definite transfer to another office of my chose other than the Office of General Counsel and the Office of Executive Secretariat/FOIA Office.
6. Compensatory damages in the amount of $1,000,000.000
7. Attorney's fees

**Performance Appraisal relief:**

1. My performance rating changed to outstanding for FY 2004-2005 and 2005-2006.
2. All backpay monetary awards with interest for 2004 – 2005 and 2005 – 2006 rating changed.

3. Compensatory damages in the amount of $600,000.00.

4. Attorney fee's

**Training relief**:

1. Reimbursement of all expenses (per diem, registration, transportation, etc.)

2. Restoring of any annual leave used

3. Office of General Counsel pay for me to attend all future B.I.G. training conference's

4. The agency pay for me to attend training of my choice outside of the building

5. Compensatory damages in the amount of $600,000.00.

6. Attorney fee's

I am hereby requesting a trial by jury.

**Signature of Plaintiff:**
Marie Perry

**Plaintiff's Name and Address**
**Marie H. Perry**
**311 Ellsworth Place**
**Oxon Hill, MD 20745**
(301) 839-1907

# EXHIBIT 1



U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
WASHINGTON, DC 20410-0001

MAR - 1 2007

OFFICE OF DEPARTMENTAL
EQUAL EMPLOYMENT OPPORTUNITY

**SIGNATURE CONFIRMATION NUMBER: 2304 1070 0000 9824 5768**

Ms. Marie Perry
311 Ellsworth Place
Oxon Hill, MD 20745

SUBJECT: **Final Decision** – Marie Perry v. Alphonso R. Jackson, Secretary, U.S. Department of Housing and Urban Development, Case Number EEO 06 033 A2

Dear Ms. Perry:

After careful review and analysis of your Equal Employment Opportunity (EEO) complaint, the EEO Counselor's Report, the Report of Investigation, and following consultation with the Office of General Counsel, the U.S. Department of Housing and Urban Development is taking final action by issuing this Final Decision on your EEO complaint. This Decision finds that you were not subjected to unlawful employment discrimination.

**Statement of Claims**

1. You claim that you were discriminated against because of your race (African American), sex (female), and in reprisal for participating in a protected activity, by the Director of the Administration Management and Human Resources Division and the Assistant General Counsel of the Freedom of Information Act (FOIA) Division, when on December 28, 2005, you learned that you were denied equal pay when the results of an initial desk audit, which stated your position met the criteria for a GS-12 grade, were reversed and you were not promoted.

2. You claim that you were discriminated against in retaliation for participating in a protected activity when your supervisor lowered your performance rating for the period February 1, 2005 to January 31, 2006. You claim that the lowered rating does not reflect the actual responsibility of your desk or the work you performed.

3. You claim that you were discriminated against on the basis of reprisal for prior EEO activity when on July 28, 2006, you were denied the opportunity to attend the Blacks in Government (BIG) Conference.

07 1010
FILED
JUN - 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**Procedural History**

You initiated EEO counseling on January 13, 2006, and the initial interview with the EEO Counselor was conducted on January 26, 2006. Attempts to resolve this matter during the pre-complaint process were unsuccessful because you failed to provide information, i.e., claim, date of incident, identification of management official, remedy request, etc to sufficiently conduct an inquiry or to otherwise process your informal complaint. You also failed to waive your right to anonymity; therefore, you were issued the Notice of Right to File a Discrimination Complaint on January 26, 2006. You subsequently filed a Formal Complaint of Discrimination on February 10, 2006. The Notice of Receipt was mailed on February 15, 2006, and the Notice of Acceptance was mailed on March 15, 2006. Your complaint was amended on May 15, 2006, and again on August 18, 2006. The Report of Investigation and the Notice of Rights were mailed on December 27, 2006. On December 29, 2006, you requested an immediate Final Decision pursuant to 29 C.F.R. § 1614.110.

**Statement of the Facts**

Desk Audit

You did not respond to the investigator's affidavit questions. In a statement to the investigator dated May 4, 2006, you stated, "At this time I feel I cannot honestly answer these affidavit questions provided by you because they are not relevant to what I filed in my official and amended EEO Complaint to HUD's EEO Office. To do so would mean I agree with HUD's interpretation and definition of my case, which I DO not." Therefore, the investigator developed your statements from your Formal Complaint and the EEO Counselor's Report. *(ROI Exhibit A)*

At all times relevant to this complaint, you were employed as a Freedom of Information Act (FOIA) Specialist, GS-11, in the Department's Office of General Counsel, FOIA Division, Washington, DC. Your supervisor was Holly Salamido (Caucasian female, no prior EEO activity), GS-15, Assistant General Counsel, FOIA Division, Office of Litigation. You stated that, on July 25, 2005, you submitted a request for a desk audit to Ms. Salamido and you forwarded a copy to the Office of Human Resources. You stated that you previously asked your supervisor for a promotion to the GS-12 grade level during your progress review and again at the time of your annual performance rating, and she informed you that she could not promote you. *(ROI Exhibit A)*

You stated that Marlene Thrash (Black female, no prior EEO activity), Human Resource Specialist, GS-13, Office of Human Resources conducted the desk audit on August 12, 2005. You stated that, on September 19, 2005, Ms. Thrash completed her analysis of all the information provided for the desk audit and informed you that you could get a copy of the desk audit results. You stated that, in a memorandum dated September 14, 2005, the results of the desk audit indicated that your position met the criteria for the GS-12 grade level, based on the information provided by you and your supervisor. You also stated that, according to the memorandum, your position description would have to be rewritten to reflect the higher graded work you were performing, and since there were other employees at your same grade and series

in your office, you could not be promoted unless the job was competitively merit staffed. *(ROI Exhibit A)*

You stated that the desk audit results were based on the work performed by you and one of your coworkers, Deidra Jenkins. You also stated that your Union Representative contacted the Office of Human Resources and informed them that an accretion of duties should be the personnel action taken to promote you and Ms. Jenkins. You stated it was not fair to promote other employees whose desks were not audited, because it had not been established that they were performing at the higher grade level. You stated there was not a vacancy in the office to merit staff and the merit staffing procedure had not been used in the past to promote other employees in the office. You stated it was blatant discrimination and illegal to deny you the promotion. *(ROI Exhibit A)*

You identified coworker Joan Campion (White female,) as a comparator who was promoted without a desk audit or a merit staffing action. *(ROI Exhibit A)*

You stated that you sent several messages to the Office of Human Resources to request the status of any action on the results of your desk audit. You stated that, on October 26, 2005, Lewis Anderson (Black male, no prior EEO activity), Supervisory Human Resources Specialist, GS-14, Office of Human Resources, informed you that Ms. Salamido and Sinthea Kelly (Black female, no prior EEO activity), Administrative Officer, GS-15, Office of General Counsel, had provided additional information and raised questions about your desk audit; therefore, the desk audit had been reopened. *(ROI Exhibit A)*

You stated that the Office of Human Resources "alleged" that Ms. Thrash failed to provide Ms. Salamido with the opportunity to review the material you provided regarding your duties, so the desk audit was reopened. You stated that Ms. Salamido was allowed to review the material and she provided the Office of Human Resources with "so called" additional information. *(ROI Exhibit A)*

Ms. Salamido testified that she became aware of your race and sex when she assumed supervisory responsibilities in the FOIA Division in August 2004, and that she was not aware of your prior EEO activity. She stated that it is her understanding that the normal desk audit procedures were not followed in this case, perhaps because the person conducting the desk audit (Ms. Thrash) was a new employee. Ms. Salamido stated that she first became aware of the desk audit when she was contacted by Ms. Thrash, and asked to fill out a Supervisory Position Review Questionnaire. She testified that it was her understanding that Ms. Thrash would gather the information from you and provide it to her for review. Ms. Salamido stated that Ms. Thrash never made the information you provided available to her for review, and Ms. Thrash did not discuss any discrepancies between the information she provided and the information you submitted. *(ROI Exhibit B)*

Ms. Salamido testified that, after she submitted the completed questionnaire, she received the completed desk audit memorandum, dated September 14, 2005. She stated she did not understand the conclusions in the memorandum, nor did she agree with the factual statements in

the memorandum used to support the conclusion. Ms. Salamido testified that she contacted Ms. Kelly to determine the meaning of the memorandum and was informed that, although the memorandum indicated that the Classification Office believed the employee to be performing GS-12 work, the employee could not be non-competitively promoted because there were no GS-12 positions available and other GS-11 FOIA Specialists had to be given the opportunity to compete for any GS-12 position that became available. *(ROI Exhibit B)*

Ms. Salamido testified that she informed Ms. Kelly that she did not agree with some of the factual statements made in the Desk Audit Memorandum. She stated that Ms. Kelly asked her if she had been given the opportunity to review what you submitted to the classification specialist, and she replied that she had not. Ms. Salamido testified that Ms. Kelly informed her that she should have had the opportunity to review the information you provided to the Office of Human Resources. She stated that Ms. Kelly decided to schedule a meeting with Ms. Thrash and Mr. Anderson to discuss the desk audit. *(ROI Exhibit B)*

Ms. Salamido testified that, during the meeting, Ms. Kelly informed Ms. Thrash and Mr. Anderson that your supervisor had not been given an opportunity to review the material you submitted in support of the desk audit and comment on the accuracy of the information. Ms. Salamido stated that she pointed out a number of inaccuracies in the Desk Audit Memorandum, including the facts that you were not performing legal research and the FOIA Office did not handle Privacy Act matters. She stated that, at the time of the meeting, she had still not seen the material that you submitted. Ms. Salamido testified that Ms. Thrash and Mr. Anderson agreed that the material should have been reviewed by the supervisor for accuracy. *(ROI Exhibit B)*

Ms. Salamido stated that, subsequent to the meeting, she was provided with a black binder and a copy of the Department of Justice's FOIA Act Guide, both of which you submitted in support of your request for a desk audit. She testified that she noted several inaccuracies in the material you submitted including, but not limited to: (1) the representation that you performed legal research; (2) the representation that you prepared written material, which had actually been prepared by employees in a program office in another part of HUD; and (3) the representation that you were making policy decisions on the release of documents. *(ROI Exhibit B)*

Ms. Salamido testified that you would not have been promoted based on the results of the initial Desk Audit Memorandum, even if the findings in the memorandum remained unchanged, so she does not think the changes in the second Desk Audit Memorandum caused you not to be promoted. She also testified that you did not perform higher level work. *(ROI Exhibit B)*

Ms. Salamido stated that Ms. Campion was at the GS-12 grade level when she (Ms. Salamido) joined the FOIA Division in August 2004. She testified that she had no knowledge of the circumstances of Ms. Campion's promotion to the GS-12 grade level. *(ROI Exhibit B)*

Ms. Kelly testified that you were not denied equal pay when the results of an initial desk audit were reversed and you were not promoted. Ms. Kelly stated that the Office of Human

Resources memorandum dated September 14, 2005, indicated that the results of the desk audit did not meet the requirements for non-competitive promotion action, due to the presence of other employees at the same grade and series, who were in the same unit and performing duties substantially the same as those performed by you. *(ROI Exhibit C)*

Ms. Kelly testified that Ms. Campion was promoted without having her desk audited and without having to apply for a job that was merit staffed. She stated that, in June 1999, Ms. Campion, and Sandra Wright (Black female) were promoted based on accretion of duties. Ms. Kelly also stated that she was the Administrative Officer and she processed those requests through the Office of Human Resources. *(ROI Exhibit C)*

Ms. Thrash testified that Ms. Salamido alleged she did not get an opportunity to review the material you submitted for the desk audit and challenged the evaluation prepared by the Office of Human Resources. Ms. Thrash stated that a meeting was held with the Office of the General Counsel and it was decided to give your supervisor an opportunity to respond to the initial desk audit results. Ms. Thrash states on November 30, 2005, Ms. Salamido submitted her challenge to the desk audit results and, as a result of the information she provided, the position was reevaluated. *(ROI Exhibit D)*

Rebuttal Statement

You failed to provide a rebuttal statement to management's articulated reasons for its actions; therefore, the affidavits provided by Ms. Salamido and Ms. Kelly are uncontested.

Performance Rating

The investigator noted that you did not respond to affidavit questions regarding your performance rating. In an email to the investigator dated June 12, 2006, you stated, "At this time I feel I cannot honestly answer those Affidavit Questions provided by you because they are not relevant to what I filed and amended in my official EEO Complaint to HUD's EEO Office. What they have classified as my case is not my case, because it does not include my 2004-2005 EPPES. Therefore, to do so would mean I agree with HUD's interpretation and definition of my case, which I DO not." Since you did not respond to the affidavit questions, the investigator developed your statements regarding your performance rating from your Formal Complaint and the EEO Counselor's Report. *(ROI Exhibit A)*

You stated that Ms. Salamido became your supervisor in August 2004, and she issued your progress review on December 14, 2004, wherein she lowered your performance rating. You stated that the progress review rating was nothing but an act of discrimination against you because it should have been issued in June and not later than July. You testified that the progress review was delayed because management failed to get a parting rating from your two previous acting supervisors, so they extended the progress review rating period until December 14, 2004, to provide Ms. Salamido with a 90-day period to rate your performance. You stated that, by delaying your progress review, management violated your rights by not allowing you the

opportunity to improve on any of the elements because the rating cycle ended January 2005. *(ROI Exhibit A)*

You stated that, when you received your final Employee Planning and Performance Evaluation System (EPPES) rating on March 16, 2005, Ms. Salamido had lowered your rating in the same three elements that she lowered during the progress review, and you felt the rating was unfair. You stated that you have been rated Outstanding for the previous 11 years, including the last 7 years as a FOIA Specialist. You also stated for the last 7 years, your work performance, workload, and critical elements had remained the same, but since Ms. Salamido became your supervisor, your performance rating dropped. *(ROI Exhibit A)*

In your original complaint filed on February 10, 2006, you claimed that you were discriminated against because of your race (African-American), sex (female), and in reprisal for participating in a protected activity, when your progress review and performance appraisal were lowered for the rating period of February 1, 2004 to January 5, 2005. This claim was not accepted for investigation because you did not timely contact the EEO Counselor. The Equal Employment Opportunity Commission (EEOC) Regulation 29 C.F.R. §1614.105(a)(1) requires that an aggrieved person initiate contact with an EEO Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action. *(ROI Exhibit Issues to be Investigated)*

On May 15, 2006, your complaint was amended to include your claim that you were discriminated against when your supervisor lowered your performance rating for the period February 1, 2005 to January 31, 2006. You alleged that the lowered rating does not reflect the actual responsibility of your desk or the work you performed. *(ROI Exhibit Issues to be Investigated)*

Ms. Salamido testified that your performance rating was not lowered, and that you received the same rating for the rating period February 1, 2005, to January 31, 2006, that you received for the previous performance appraisal period February 1, 2004, to January 31, 2005. *(ROI Exhibit B)*

Rebuttal Statement

You failed to provide a rebuttal statement to management's statement regarding your performance rating; therefore, the affidavit provided by Ms. Salamido is uncontested.

Blacks in Government Conference (BIG)

You stated that you were subjected to blatant discrimination and disparate treatment when you were denied the opportunity to attend the 28th Annual BIG Conference. You stated that, on July 28, 2006, you received emails from Ms. Salamido and Patricia Baker (Caucasian female, no prior EEO activity), GS-15, Director, Training Division, informing you that the Office of General Counsel would not pay for any conferences at that time. You stated that, upon further inquiry

regarding their statements, it was made clear to you that the Office of General Counsel was not considering the BIG Conference as training. *(ROI Exhibit A)*

You stated that the fact that the Office of General Counsel was not considering the BIG Conference as training was blatant discrimination since it had been established and identified as training in past years. You stated that you were not notified of the decision in a timely manner. You stated you submitted your request in January to Ms. Salamido, but you were not informed of the decision until July 28, 2006. You also stated you were discriminated against because you were not afforded the same training opportunities as the attorneys in the Office of General Counsel. *(ROI Exhibit A)*

You stated that OGC discriminated against you when Ms. Salamido on occasion will not respond back to you concerning your training request. You stated when she does respond back to you, it is different from the way she responds to your co-workers. As an example, you stated Ms. Salamido would tell your co-workers that she will look into the matter; whereas, when she responds to you, she would be negative, problematic and argumentative concerning your training request. *(ROI Exhibit A)*

You stated that you are treated differently versus the attorneys when management provides notices of different training classes that are available to the employees. You stated you are never provided this information until the classes are going on or the classes are over with. You stated your rights have been violated and you are not allowed due process. *(ROI Exhibit A)*

Ms. Salamido testified that Ms. Baker informed her that no Office of General Counsel employees could receive training funds to attend any conferences. She stated that, to the best of her knowledge, no employee in Office of General Counsel (either in the FOIA Division or elsewhere) was approved to attend the BIG Conference with Office of General Counsel training funds. *(ROI Exhibit B)*

Ms. Salamido testified that you requested to attend the BIG Conference. She also testified that she asked Ms. Baker whether the Office of General Counsel was approving attendance at the BIG Conference, and how many could be approved for attendance. Ms. Salamido states Ms. Baker had no information regarding the attendance at the BIG Conference for the next few months. She states she advised you that she was awaiting guidance on what the policies regarding the BIG Conference would be. *(ROI Exhibit B)*

Ms. Baker testified that Ms. Salamido informed her that a number of employees in the FOIA Division had requested her approval for attendance at the BIG Conference. Ms. Baker also testified that her supervisor, George Weidenfeller, informed her that the General Counsel decided that no conferences would be approved. *(ROI Exhibit C)*

Ms. Baker testified that, in an email dated June 28, 2006, she informed the FOIA Division staff, including you, that it was her understanding at that time that no conferences were being approved. Ms. Baker states, while you emphasized training in your inquiry, the BIG Conference is a conference. She stated that, in a later conversation, Mr. Weidenfeller clarified that HUD work

related conferences might be approved. Ms. Baker also stated that many other conference requests were not approved. *(ROI Exhibit C)*

Rebuttal Statement

You stated that, since you did not agree with the EEO Division's decision to amend your initial complaint to include Claim 3 rather than processing it as a separate complaint, you did not desire to comment further. You did not rebut management's articulated reason for denying you the opportunity to attend the BIG Conference; therefore, the affidavits provided by Ms. Salamido and Ms. Baker are uncontested.

**Legal Analysis**

Dismissal for Failure to Cooperate During the Investigation

The regulation set forth at EEOC Regulation 29 C.F.R. § 1614.107(a)(7) provides that the agency shall dismiss a complaint where the agency has provided the complainant with a written request to provide relevant information or otherwise proceed with the complaint, and the complainant has failed to respond to the request within fifteen days of its receipt or the response does not address the agency's request. This regulation also provides that the agency may elect to adjudicate the complaint if sufficient information is available for that purpose. The standard for dismissing a complaint for failure to cooperate is: (1) where the complainant has engaged in delay or contumacious conduct; and (2) the record is insufficient to permit adjudication. *See* Olibarria v. United States Postal Service, EEOC Appeal No. 01A34148 (November 4, 2003) (*citing* Delgado v. United States Postal Service, EEOC Request No. 05900859 (October 25, 1990)).

The Olibarria case clearly demonstrates that dismissal is appropriate where in the investigation phase of the EEO process, a letter is sent containing a notice that failure to respond within fifteen calendar days of its receipt would result in the dismissal of the complaint for failure to cooperate. The investigator assigned to investigate your complaint stated that you received requests for affidavit and rebuttal but never answered the questions. (*ROI Exhibit A*) One such request indicated that a response was required and that failure to cooperate could result in dismissal. While EEOC cases indicate a 15-day requirement, the number of days permitted is not an issue in the instant complaint because you did not answer the questions in the Affidavit or provide a response to management's articulated legitimate reasons for taking the actions at issue. In fact, you stated in a statement dated May 4, 2006, "At this time I feel I cannot honestly answer these Affidavit Questions provided by you because they are not relevant to what I filed in my official and amended EEO Complaint to HUD's EEO Office. To do so would mean I agree with HUD's interpretation and definition of my case, which I DO NOT." You also stated that "I do not desire to comment further" regarding the rebuttal statement. Accordingly, this decision finds that your complaint should be dismissed pursuant to 29 C.F.R. § 1614.107(a) (7).

Decision on the merits

Even if a procedural dismissal were not proper in your case, your failure to cooperate with the investigation leaves the fact-finder without any evidence to support your claim. Proceeding on the merits, this Decision notes that, where the agency has articulated a legitimate, nondiscriminatory reason for the personnel action at issue, the factual inquiry can proceed directly to the third step of the McDonnell Douglas v. Green, 411 U.S. 792 (1973), analysis which deals with the ultimate issue of whether you, the complainant, have shown by a preponderance of the evidence that the agency's actions were motivated by discrimination. U.S. Postal Service Board of Governors v. Aikens, 460 U.S. 711, 715-716 (1983). In this regard, the burden of persuasion is always on the complainant, which means that you must convince the fact-finder that discrimination occurred. See O'Dell v. United States Postal Service, EEOC Appeal No. 01981939 (May 23, 2001).

You have indicated, in your recitation of your claims, allegations, and contentions that you believe you were treated differently than other employees in your office. However, the EEOC has consistently held that subjective belief does not constitute evidence of pretext or provide a basis for remedial relief. See Mroz v. Department of Defense, EEOC Appeal No. 01A33187 (January 23, 2004). Having failed to respond to the EEO Investigator's requests for an affidavit and rebuttal, you clearly fail to meet your burden of proving that management's stated reasons were pretextual for unlawful discrimination.

The record is devoid of any objective proof of your allegations and contentions. You have virtually abandoned your complaint or elected to move forward on the basis of the allegations raised in your formal complaint. On the other hand, management has met and exceeded its burden of proffering its legitimate nondiscriminatory reasons for the actions at issue. In that regard, this decision takes note that the EEOC has repeatedly recognized that an agency generally has broad discretion to set policies and carry out personnel decisions, and should not be second-guessed absent evidence of unlawful motivation. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 259 (1981). Ms. Salamido *(ROI Exhibit B)* and Ms. Kelly *(ROI Exhibit C)* testified that the second desk audit was necessary because there were inaccuracies in your representation of your duties and the material you submitted to support the initial desk audit. The Office of Human Resources corrected the inaccuracies and your position was reevaluated. According to Ms. Salamido, you would not have been promoted based on the results of the initial desk audit; therefore, the issue of the second desk audit is essentially irrelevant.

You identified Ms. Campion as a similarly situated employee who was treated more favorably than you were; however, Ms. Salamido was not Ms. Campion's supervisor at the time she was promoted. To be considered similarly situated, the named comparative must report under the same manager's supervision; have performed the same job functions; and have been subjected to the same standards. See O'Neal v. United States Postal Service, EEOC Request No. 05910490 (July 23, 1991); Rease v. Navy, EEOC Appeal No. 03920174 (November 4, 1993) (all relevant aspects of petitioner's employment situation must be nearly identical to the employees named as comparatives).

When you filed the instant complaint, you attempted to raise the issue of your performance rating for the appraisal period February 1, 2004 to January 31, 2005; however, this claim was not accepted for investigation because you did not timely contact the EEO Counselor. You were issued the performance rating on March 16, 2005, but you did not raise this matter with the EEO Counselor until January 13, 2006. The Equal Employment Opportunity Commission (EEOC) Regulation 29 C.F.R. §1614.105(a)(1) requires that an aggrieved person initiate contact with an EEO Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action.

EEOC Regulation 29 C.F.R. § 1614.105(a)(2) permits the time period to be extended under certain circumstances and, 29 C.F.R. § 1614.604(c) provides that the time limits in Part 1614 are subject to waiver, estoppel and equitable tolling. Although time limitations are subject to waiver, estoppel and equitable tolling, complainants are required to act with due diligence in pursuit of their claims. See Sapp v. U.S. Postal Service, EEOC Request No. 05950666 (May 31, 1996); Jenkins v. Department of the Army; EEOC Request No. 05940721 (January 26, 1996); O'Dell v. Department of Health and Human Services, EEOC Request No. 05901130 (December 27, 1990).

The EEOC has also held that the time requirements for initiating EEO counseling could be waived as to certain allegations within a complaint when the complainant alleged a continuing violation; that is, a series of related discriminatory acts, one of which fell within the time period for contacting an EEO Counselor. See McGivern v. U.S. Postal Service, EEOC Request No. 05901150 (December 28, 1990). Where a Complainant alleges recurring incidents of discrimination, the agency is obligated to initiate an inquiry into whether any allegations untimely raised fall within the ambit of the continuing violation theory. See Williams v. Department of Defense, EEOC Request No. 05920506 (February 24, 1992). Relevant to the determination are whether the acts were recurring or were more in the nature of isolated employment decisions; whether an untimely discrete act had the degree of permanence which should have triggered an employee's awareness and duty to assert his or her rights; and whether the same agency officials were involved. Woljan v. Environmental Protection Agency, EEOC Request No. 05950361 (October 5, 1995).

Your claims regarding your supervisor's lowering of your progress review and performance appraisal for the rating period February 1, 2004 to January 5, 2005, were discrete acts that had the degree of finality, which should have alerted you to assert your EEO rights prior to filing the instant complaint. Moreover, based on your own statement, you raised this matter in a negotiated grievance procedure that permits allegations of discrimination, indicating an election to pursue a non-EEO process. *(ROI Formal Complaint)* 29 C.F.R. § 1614.301(a) provides that "a person wishing to file a complaint or a grievance on a matter of alleged employment discrimination must elect to raise the matter under either part 1614 or the negotiated grievance procedure, but not both." This subsection also provides that an election to proceed under 1614 is indicated by the "filing of a written complaint," while an election to proceed under a negotiated grievance procedure is indicated by the "filing of a timely written grievance." See Casey v. Department of Veterans Affairs, EEOC Appeal No. 01944605 (August 9, 1995). You stated that

you withdrew the grievance; however, the withdrawal of your grievance does not negate your prior election of the negotiated grievance procedure. Marsh v. Department of the Treasury, EEOC Request No. 05910393 (August 8, 1991). Therefore, this claim is alternatively dismissed pursuant to 29 C.F.R. § 1614.301(a), because you raised the matter in a negotiated grievance procedure.

Ms. Salamido (*ROI Exhibit B*) testified that she did not lower your rating for the appraisal period February 1, 2005 to January 31, 2006. She stated that she provided you with the same rating as she did for the appraisal period February 1, 2004 to January 31, 2005, and you did not avail yourself of the opportunity to rebut Ms. Salamido's testimony; therefore, you have proffered no evidence to show that you were entitled to a rating above the one you were issued.

Ms. Baker *(ROI Exhibit C)* testified that the Office of General Counsel did not approve any request to attend the BIG Conference, and you did not identify a similarly situated employee who was approved to attend a conference. Ms. Baker also stated that many other requests to attend various conferences were disapproved.

Again, management's testimony is uncontested because you did not avail yourself of the opportunity to provide a rebuttal statement; therefore, this Decision finds that you have failed to meet your ultimate burden of proving pretext in your claims of discrimination.

**Statement of Conclusion**

Your complaint is dismissable under 29 C.F.R. § 1614.107(a)(7) for failure to prosecute your complaint after you failed to respond to requests for information/affidavits during the investigation phase of the EEO process. Alternatively, you have failed to prove by the preponderance of the evidence that management's reasons for taking its actions were pretextual, since you have not produced any evidence. Accordingly, this Decision finds that your complaint is procedurally barred and, alternatively, that you were not discriminated against as you alleged.

**Statement of Relief**

Since you have not prevailed on your claim of discrimination, you are not entitled to any relief.

**Statement of Rights**

If you are not satisfied with this Decision, your appeal rights are as follows:

1. You may file an appeal with the Equal Employment Opportunity Commission within thirty (30) calendar days of the date that you receive this Decision. Your appeal should be filed with the U.S. Equal Employment Opportunity Commission, Office of Federal Operations, P.O. Box 19848, Washington, DC 20036. The 30-day period for filing an appeal begins on the date of receipt of this Decision. An appeal shall be deemed timely if it is delivered in person, transmitted by facsimile or postmarked before the expiration of the filing period, or in the

absence of a legible postmark, the appeal is received by mail within 5 days after the expiration of the filing period. You must serve a copy of the Notice of Appeal/Petition, EEOC Form 573, to the Department (Deputy Director, Office of Departmental Equal Employment Opportunity, Department of Housing and Urban Development, 451 7th Street, SW, Washington, DC 20410) at the same time that you file with the Commission. A copy of the Form 573 has been provided for your convenience. In or attached to the appeal to the Commission, you must certify the date and method by which service was made to the agency. A copy of this Decision must also be attached to the Notice of Appeal Form 573. Failure to file your appeal within the 30-day period could result in the EEOC's dismissal of the appeal, unless you explain, in writing, extenuating circumstances which prevented filing within the prescribed time limit. In that event, extending the time limit and accepting the appeal will be discretionary with the EEOC.

2. You may file a brief or statement in support of your appeal with the Office of Federal Operations. Your brief or statement must be filed within 30 calendar days from the date that the appeal is filed. You must serve a copy of your brief or statement in support of your appeal to the Department (Deputy Director, Office of Departmental Equal Employment Opportunity, Department of Housing and Urban Development, 451 7th Street, SW, Washington, DC 20410) at the same time that you file with the Commission.

3. You may file a civil action in an appropriate United States District Court within ninety (90) calendar days of your receipt of this Decision. If you choose to file a civil action, that action should be captioned: Marie Perry v. Alphonso R. Jackson, Secretary, U.S. Department of Housing and Urban Development. You may also request the court to appoint an attorney for you and to authorize the commencement of that action without the payment of fees, costs, or security in such circumstances as the court deems just. Your application must be filed within the same 90-day time period for filing the civil action.

Sincerely,

for Jerry L. Holloway

Linda Bradford Washington, Deputy Director of
Equal Employment Opportunity

Enclosure
EEOC Form 573- Notice of Appeal/Petition

cc:
Robert M. Couch, C
Vivian England, CHP

Consuella Duckett
9808 Huxley Drive
Lanham, MD 20706

CIVIL COVER SHEET

07-1010 RCL

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

Marie H. Perry

**DEFENDANTS**

Secretary Alphonso R. Jackson, ETAL
Department of Housing and Urban Development

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) 88888
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

311 Ellsworth Place
Oxon Hill, MD 20745
301. 839. 1907

Case: 1:07-cv-01010
Assigned To : Lamberth, Royce C.
Assign. Date : 6/5/2007
Description: Employ. Discrim.

JURY ACTION

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- O 1 U.S. Government Plaintiff
- O 3 Federal Question (U.S. Government Not a Party)
- ⦿ 2 U.S. Government Defendant
- O 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**O A. *Antitrust***

- ☐ 410 Antitrust

**O B. *Personal Injury/ Malpractice***

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**O C. *Administrative Agency Review***

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**O D. *Temporary Restraining Order/Preliminary Injunction***

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**O E. *General Civil (Other)*** OR **O F. *Pro Se General Civil***

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(11)

| ○ G. *Habeas Corpus/ 2255* | ⦿ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding ○ 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e. et seq; Retaliation, Equal Pay, Sex, Racial, Illegal Personnel Practice

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** 2.2 million Check YES only if demanded in complaint **JURY DEMAND:** YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

**DATE** June 5, 2007 **SIGNATURE OF ATTORNEY OF RECORD** Marie A. Perry

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.