UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
**MARIE H. PERRY,**           )
                              )
    **Plaintiff,**         )
                              )
  v.                          ) Civil Action No. 07-1010 (RCL)
                              )
**ALPHONSO R. JACKSON,** *et al.* )
                              )
    **Defendants.**        )
_____)

## ORDER

Plaintiff moves for the appointment of counsel to represent her in this Title VII action. Plaintiffs in civil cases generally do not have a constitutional or statutory right to counsel. See Willis v. F.B.I., 274 F.3d 531, 532-33 (D.C. Cir. 2001); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). If a plaintiff is proceeding in forma pauperis, the court is authorized to appoint counsel under 28 U.S.C. § 1915 (e)(1) (1994), but is not obliged to do so unless the plaintiff demonstrates such exceptional circumstances exist that the denial of counsel would result in fundamental unfairness. See Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986). "Whether exceptional circumstances exist requires an evaluation of the type and complexity of each case, and the abilities of the individual bringing it." Id.

In a Title VII action such as this, the Court may appoint counsel "[u]pon application by the complainant and in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1) (1994). In reviewing such an application, the Court should consider "(1) the ability of the plaintiff to afford an attorney; (2) the merits of the plaintiff's case; (3) the efforts of the plaintiff to secure counsel; and (4) the capacity of the plaintiff to present the case adequately without aid

of counsel." <u>Ficken v. Alvarez</u>, 146 F.3d 978, 979, 980-81 (D.C. Cir.1998) (<u>quoting</u> <u>Poindexter v. FBI</u>, 737 F.2d 1173, 1185 (D.C. Cir. 1984)).

Plaintiff does not set forth her efforts to secure counsel. In any event, the Court has considered the potential merits of the claim, the complexity of the legal and factual issues involved, plaintiff's *pro se* representation to this point in the proceedings, and the degree to which the interests of justice will be served by appointment of counsel, including the benefit the court may derive from the assistance of the appointed counsel. <u>See</u> Local Civil Rule 83.11 (b)(3) (as amended Nov. 19, 2001); <u>Ficken v. Alvarez</u>, 146 F.3d at 980-82. The Court has also taken into consideration the very limited <u>pro bono</u> resources available to the court. After carefully reviewing and weighing these factors, the court concludes that appointment of counsel is not warranted. Accordingly, it is hereby

**ORDERED** that plaintiff's motion for appointment of counsel [2] is **denied**.


Signed by United States District Judge Royce C. Lamberth on October 3, 2007.